IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARY SNYDER, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>PRECISION EXAMS, LLC, a Utah limited liability company,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:18-CV-625 TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Precision Exams, LLC's Motion for Summary Judgment. Defendant seeks partial summary judgment on Plaintiff's claim for retaliation under the Age Discrimination in Employment Act ("ADEA"). For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I. BACKGROUND

Plaintiff was hired by Defendant in August 2014 as a Territory Sales Manager to sell certification tests to junior high and high schools. Plaintiff's primary territory was that state of Indiana. In September 2016, Plaintiff was laid off. Defendant contends that Plaintiff was laid off as a part of a reduction in force ("RIF") due to financial difficulties. Plaintiff contends that the real reason he was laid off was because of his age.

On March 3, 2017, Plaintiff filed a Charge of Discrimination with the Utah Anti-Discrimination & Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC"), in which he alleged age discrimination.[1]

Three weeks after Plaintiff filed his charge of discrimination, Defendant hired an individual as a Territory Sales Manager. Prior to filling that position, Defendant, through its employee Brock Smith, contacted two former Precision employees who had been laid off to gauge their interest in returning. During their investigation, two UALD investigators asked Mr. Smith why he did not make an offer to Plaintiff. Mr. Smith stated that he did not reach out to Plaintiff "because of this charge."[2] Mr. Smith continued: "When you lawyer up, that is viewed as hostile. How do you mend that relationship?"[3] Mr. Smith further stated that he would no longer recommend Plaintiff "because of this."[4]

After learning of these statements, Plaintiff filed an Amended Charge of Discrimination in which he added a claim for retaliation.[5] Plaintiff's retaliation claim is based on Mr. Smith refusing to reach out regarding the open sales position and his statement that he would no longer provide a favorable recommendation. Defendant now seeks summary judgment on this claim.

---

[1] Docket No. 22-1, at 6.
[2] *Id.* at 16.
[3] *Id.*
[4] *Id.* at 15.
[5] *Id.* at 9.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[7] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

## III. DISCUSSION

The ADEA states:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.[9]

Defendant contends that Plaintiff cannot make out a prima facie case of retaliation. "A prima facie case of retaliation requires the plaintiff to show that (1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between

---

[6] Fed. R. Civ. P. 56(a).

[7] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[8] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[9] 29 U.S.C. § 623(d).

the protected activity and the materially adverse action."[10]  The burden of proving a prima facie case is "not onerous."[11]

A.  PROTECTED OPPOSITION

Defendant does not dispute that Plaintiff engaged in protected opposition.  It is well-settled that filing a Charge of Discrimination constitutes protected opposition.[12]

B.  ADVERSE ACTION

The Supreme Court has explained that "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm."[13]  "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[14]  "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience."[15]  Rather, "[t]he anti-retaliation provision seeks to prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms."[16]  "It does so by prohibiting employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers.

---

[10] *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008).

[11] *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

[12] *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999).

[13] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

[14] *Id*. at 68 (quotation marks and citations omitted).

[15] *Id*.

[16] *Id*.

And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence."[17]

As stated, Plaintiff complains of two actions he contends are materially adverse: Mr. Smith's statement that he would no longer recommend Plaintiff and Mr. Smith's failure to reach out to him concerning an open position. Both will be addressed below.

   *1.     Favorable Recommendation*

As stated, during the UALD investigation, Mr. Smith stated that he would no longer recommend Plaintiff because of his filing of a Charge of Discrimination. The Court need not determine whether this action is materially adverse because there is no evidence that Defendant has ever refused to provide a favorable recommendation.

After Plaintiff was laid off, Edson Barton, Precision's CEO, provided Plaintiff with a letter of recommendation to help in obtaining other employment, as he did for other employees laid off at the same time. In his Declaration, Mr. Barton stated that, to his knowledge, no one has made an inquiry to Precision regarding a recommendation of employment for Plaintiff.[18] Mr. Barton goes on to state that neither he nor anyone else at Precision has made any negative or derogatory comments about Plaintiff to any third party.[19] Thus, despite Mr. Smith's statement that he would no longer provide a favorable recommendation, there is no evidence that he or anyone else associated with Precision was ever asked to provide a recommendation for Plaintiff. Nor is there evidence that Mr. Smith or anyone else provided a negative recommendation or

---

[17] *Id*. (quotation marks and citations omitted).
[18] Docket No. 19-3 ¶ 8.
[19] *Id.*

5

otherwise made negative statements about Plaintiff. The only evidence demonstrates that Plaintiff was provided a letter of recommendation from Mr. Barton that he could use in his efforts to obtain other employment. Mr. Smith's statement that he would no longer recommend Plaintiff, without evidence that he ever acted on it, is insufficient to demonstrate that Plaintiff suffered any adverse action.

### 2. *Refusal to Re-Hire*

As discussed, after Plaintiff was laid off, and after he filed his charge of discrimination, Mr. Smith reached out to two former employees to gauge their interest in returning. Mr. Smith stated that did not reach out to Plaintiff because he had filed a Charge of Discrimination. Plaintiff asserts that, based on Mr. Smith's statements, Defendant refused to consider Plaintiff for rehire.

A refusal to rehire may constitute an adverse employment action in a retaliation claim.[20] Defendant again argues that Plaintiff has failed to show that Precision has taken an adverse employment action again him. In support, Defendant argues that it is Mr. Barton, not Mr. Smith, who has final authority on hiring decisions. However, Mr. Barton admitted that Mr. Smith had the ability to provide recommendations.[21] Mr. Smith similarly testified that he played a role in

---

[20] *Heno v. Sprint United Mgmt. Co.*, 208 F.3d 847, 857 (10th Cir. 2000); *see also Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 234 (2d Cir. 2000) ("A claim of refusal to rehire an individual following the filing of an employment discrimination charge may be a basis for a claim of retaliation."); *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 893 (7th Cir. 1996) (refusal to rehire after the plaintiff filed an EEOC charge was basis for retaliation claim); *Kendall v. Watkins*, 998 F.2d 848, 851 (10th Cir. 1993) (stating that employer would be in violation of Title VII if it "refused to consider plaintiff for future employment because she brought a Title VII claim").

[21] Docket No. 19-1, at 208:21–209:2; *Id.* at 212:15–213:23.

recommending candidates for hire.[22] While Defendant contends that, after the RIFs, Mr. Smith was no longer involved in the hiring process, the evidence on this point is in dispute as demonstrated by the fact that Mr. Smith contacted two former employees to determine whether they were interested in returning to Precision.

Defendant next argues that, other than one employee, it has not hired any person affected by the RIFs to fill any of the positions left vacant after the layoffs, nor has Precision advertised or sought to fill any such positions. This, however, is disputed by the fact that three weeks after Plaintiff filed his Charge of Discrimination, Mr. Smith reached out to two former employees to gauge their interest in a Territory Sales Manager position but did not reach out to Plaintiff.

Defendant also argues that Plaintiff never attempted to seek reemployment with Precision, that his position has not been filled, and that Precision made no attempt to fill that position. The Tenth Circuit has stated that the "law does not require that a plaintiff formally apply for the job in question. Rather, the law requires either that the employer be on specific notice that the plaintiff seeks employment or, where informal hiring procedures are used, that the plaintiff be in the group of people who might reasonably be interested in the particular job."[23] In his deposition, Plaintiff testified that, while he had not attempted to return to Precision, it was something that interested him.[24] Further, the fact that Mr. Smith chose to reach out to two former employees provides some evidence that Defendant thought its former employees might reasonably be interested in returning. Additionally, the fact that Plaintiff's exact position has not

---

[22] Docket No. 19-2, at 19:8–24.

[23] *Whalen v. Unit Rig, Inc.*, 974 F.2d 1248, 1251 (10th Cir. 1992).

[24] Docket No. 19-4, at 101:25–102:7.

been filled ignores that an open sales position, the same position that Plaintiff held, was filled and that Mr. Smith approached two former employees to determine their interest in returning to Precision. Finally, it makes sense that Defendant would not fill Plaintiff's position because Plaintiff's primary client, Indiana, was delinquent in its payments and "was a dying state."[25]

Defendant also argues that Plaintiff cannot show an adverse action because he was not aware of Mr. Smith contacting other employees until after he filed his Charge of Discrimination. This argument, however, ignores the applicable standard, which considers all the circumstances from the perspective of a reasonable employee.[26] Here, a reasonable jury could conclude that the failure to consider Plaintiff for rehire might have dissuaded a reasonable worker from making a charge of discrimination.

C. CAUSAL CONNECTION

Finally, Plaintiff must show that, but for his protected activity, he would not have faced the alleged adverse employment action.[27] "A retaliatory motive may be inferred when an adverse action closely follows protected activity. However, unless the termination is *very closely* connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation."[28] Here, there was only a three-week period between when Plaintiff filed his initial Charge of Discrimination and Defendant filled a Territory Sales Manager position without contacting Plaintiff. The Tenth Circuit has held that a one and one-

---

[25] Docket No. 19-1, at 203:8.

[26] *White*, 548 U.S. at 71.

[27] *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

[28] *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007) (quoting *Anderson*, 181 F.3d at 1179).

half month period between protected activity and the adverse action may, by itself, establish causation.[29] Based upon this brief time period, a reasonable jury could find a causal connection between Plaintiff's protected activity and the alleged adverse employment action.

Moreover, Mr. Smith admitted that the reason he did not reach out to Plaintiff was because he filed a Charge of Discrimination. Defendant admits that Mr. Smith made this statement,[30] but argues that the UALD Determination and Order is not sufficient to create a genuine dispute of material fact.[31] This argument suffers from two flaws. First, it is not the UALD Determination and Order that creates the dispute of fact, it is Mr. Smith's own statements, which Defendant does not dispute. Second, this argument was made for the first time in Defendant's Reply and will not be considered by the Court.[32]

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 19) is GRANTED IN PART AND DENIED IN PART as set forth above.

---

[29] *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 596 (10th Cir. 1994).

[30] Docket No. 23, at 8 ("Precision does not dispute that Mr. Smith made these comments.").

[31] *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1331 (10th Cir. 1999) (stating that "when the independent facts before the district court judge fail to establish a genuine issue of material fact, a favorable EEOC letter of determination does not create one").

[32] *See Pickering v. USX Corp.*, 758 F. Supp. 1460, 1461 n.2 (D. Utah 1990).

9

DATED this 6th day of February, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge